**The MILLERS MUTUAL FIRE INSURANCE COMPANY, Appellant,**

v.

**W. L. MURRELL et ux., Appellees.**

No. 16368.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 16, 1962.

Rehearing Denied Dec. 14, 1962.

Thompson, Coe, Cousins & Irons, and R. B. Cousins, Dallas, for appellant.

Coleman & Whitten, and Earl L. Coleman, Denton, for appellees.

BOYD, Justice.

On January 26, 1959, The Millers Mutual Fire Insurance Company of Texas issued its Texas standard comprehensive dwelling policy thereby insuring the residence of W. L. Murrell and wife Evelyn Murrell for a period of 3 years. While the policy was in effect the house was damaged to a considerable extent. The Murrells made claim for payment under the terms of the policy, but the claim was not paid. The Murrells filed suit, which re-

sulted in a verdict and judgment for them in the amount of $15,100. From this judgment the insurance company has appealed.

Appellees alleged that the damage was caused by earth movement or landslide when the earth beneath the house swelled and expanded, causing the walls, floors, ceilings and foundation to buckle and partially collapse.

The jury found that there was an "earth movement" under the house during the year 1960, and that the earth movement was a proximate cause of the damage to the house. It was further found that the damage sustained to the house directly resulted in a "partial collapse" of the house.

The policy contained the following provisions: "This company agrees to insure against all risks of physical loss, EXCEPT AS HEREINAFTER EXCLUDED, to the dwelling(s), building(s) or structure(s) insured under Coverage Group A of the Schedule subject to all other conditions, limitations and exclusions contained in this policy.

"\* \* \* \* \* \*

"SPECIAL EXCLUSIONS APPLICABLE TO COVERAGE GROUP A——— SPECIAL FORM \* \* \* This policy does not insure against——— \* \* \* settling, shrinkage, or expansion in foundations, walls, floors, or ceilings; this Exclusion, however, shall not apply to loss by \* \* \* landslide, total or partial collapse, water damage, and glass breakage, caused by perils excluded in this paragraph; \* \* \*.

"\* \* \* \* \* \*

"Loss to retaining walls not constituting part of a building when such loss is caused by landslide, water pressure, or earth movement, unless such loss is caused by collapse of any other structure; \* \*."

We have reached the conclusion that the loss involved is covered by the policy. The house was insured against all risks of physical loss except as excluded by the terms of the policy. We do not believe that damage resulting from earth movement was excluded. The only exclusion relevant to our inquiry was "settling, shrinkage, or expansion in foundations, walls, floors, or ceilings," and this exclusion did not apply to loss by landslide, total or partial collapse, water damage and glass breakage, caused by the excluded perils. If the earth movement found by the jury amounted to a landslide, the damage resulting therefrom was expressly taken out of the exclusion; if the earth movement was not a landslide, it never was in the exclusion.

Our opinion is strengthened by a consideration of the other exclusion mentioned above, namely, loss to retaining walls not constituting part of a building "when such loss is caused by landslide, water pressure, or earth movement. \* \* \*" Having excluded loss caused by earth movement to retaining walls not part of a building, it can with reason be inferred that the parties agreed that loss to the building caused by earth movement was not excluded.

The effect of a "comprehensive" policy is generally to broaden the coverage. And the expression, "all risks of physical loss" except those excluded, covers an almost unlimited field. Policies of insurance are interpreted and construed liberally in favor of the insured and strictly against the insurer. Exceptions and words of limitation are construed against the insurer. And courts will not write a limitation of liability into a policy where none exists. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379.

Appellant contends that the earth movement which caused the damage was not a "risk" because it was not fortuitous but inevitable, and that at least issues should have been submitted inquiring whether the loss was fortuitous or inevitable. It argues that it was certain from the day the house was built that this damage was going to happen, and that there was therefore no "risk" as that term is commonly under-

stood. We cannot agreee. It is true that all the expert witnesses, who, after the damage, examined the underlying structures of the earth, noted the capacity of the soil to absorb water and saw evidences of earth movement, said that damage similar to that which occurred was inevitable. We are not told who, at the time the insurance contract was executed, had certain knowledge that this damage was inevitable. We perceive no error in the court's refusal to hold, or ask the jury whether, the damage sued for was inevitable in the sense that the peril was not a risk but a certainty that could not be insured against.

The court defined "partial collapse" as "* * * a partial cracking, bulging, shrinking, falling, or breaking in such a manner as to materially impair the basic structure or substantial integrity of a building." Appellant contends that the definition was erroneous; that there was no evidence to sustain the finding of partial collapse; and that such finding was against the greater weight and preponderance of the evidence.

The objection to the definition of partial collapse was that the same "is not a proper and accurate definition, is confusing and does not include a necessary element in that it does not instruct the jury that there must be an abrupt or sudden occurrence such as cracking, bulging, etc." Appellant tendered the following definition of collapse: "To fall or shrink together abruptly, as the sides of a hollow vessel; to cave in; to fall into a flattened, wrecked or distorted shape; a sudden and utter failure; a breakdown."

We cannot agree with appellant's construction of appellees' petition as suing only for damage caused by partial collapse of the building. It is true that appellees pleaded that the damage caused by earth movement or landslide caused the walls, floors, ceilings, and foundation to buckle and partially collapse. We do not think we can hold appellees to a claim for dam-

ages caused by partial collapse. The partial collapse was alleged and found to be a result, and not the cause, of the damage occasioned by the earth movement.

While appellant says that there is no evidence, or the evidence is insufficient, to support the finding of partial collapse, there is no contention that the findings that there was an earth movement and that this was a proximate cause of the damage are not supported.

In view of the finding that earth movement caused the damage, we think it immaterial whether the damage resulted in partial collapse of the structure.

The judgment is affirmed.